# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NATIONAL PENSION CORPORATION, LLC,

    Plaintiff,

    v.

HORTER INVESTMENT MANAGEMENT, LLC,

    Defendant.

Case No. 1:20-cv-0086

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

The above-captioned case was recently transferred to this district from a federal court in Louisiana. Still pending at the time of transfer was a motion to remand to state court, which motion has been referred to the undersigned magistrate judge. For the following reasons, I now recommend that the motion to remand be granted.

### I. Procedural Background

Plaintiff National Pension Corporation, LLC ("NPC") filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge seeking damages for breach of contract, negligence, violation of the Louisiana Unfair Trade Practices Act, detrimental reliance, negligent and/or fraudulent misrepresentation, and quantum meruit. (Doc. 1-2 at ¶ 18). NPC explicitly alleges that Defendant Horter Investment Management, LLC ("Horter") breached the "Training and Marketing Agreement" between the parties, causing a shortfall to NPC of $64,500.00. (*Id.* at ¶ 10). The state court petition also seeks "actual damages [and] attorney's fees" pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA") as well as loss of income including earnings, revenue, and profits, and damages to business relationships and reputation. (*Id.* at ¶¶ 14, 19). As Defendant points

out, NPC's original petition does not include an affirmative allegation that the damages sought are less than the requisite amount to establish federal jurisdiction.

On March 26, 2019, Defendant Horter removed Plaintiff's case to the United States District Court for the Middle District of Louisiana on the basis of diversity jurisdiction. On April 1, 2019, Defendant Horter filed a motion to transfer venue, pointing out that the subject contract has a forum selection clause that limits litigation to the state and federal courts of Ohio. Although NPC filed no response to Plaintiff's motion to transfer venue, Defendant did file a separate motion seeking to remand to state court, arguing that the federal court lacks subject matter jurisdiction because the amount in controversy is less than $75,000.

On January 29, 2020, without addressing the Defendant's jurisdictional challenge, the Louisiana federal court granted Plaintiff's motion to transfer venue to this district. The case was transferred in and assigned a new docket number on January 31, 2020, and was referred to the undersigned magistrate judge on February 3, 2020. In the still-pending motion to remand, Plaintiff clarifies that it seeks damages of "less than $75,000" or alternatively, an amount that does not exceed $75,000. (Doc. 6-1 at 3; see also Doc. 6-2, Affidavit at 2). Having now reviewed the parties' memoranda and relevant case law, the undersigned recommends granting NPC's motion based upon a lack of federal subject matter jurisdiction.

**II.    Analysis**

Removal of a state court case to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the

defendants to the district court of the United States… where such action is pending."
Defendant's Notice of Removal asserts the existence of diversity jurisdiction, based upon the undisputed fact that the parties are citizens of different states. However, in order for diversity jurisdiction to exist, the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

Defendant, as the removing party, bears the burden of establishing federal subject matter jurisdiction. *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007). In its Notice of Removal, Defendant pointed out that the complaint alleges a monetary loss for breach of contract claim of $64,500, but also recites that Plaintiff is seeking loss of income and profits; damage to business reputation; and damage to business relationship with numerous other third parties, plus attorney's fees under Louisiana law. Defendant argues that when added to the sum of $64,500 that is specifically pleaded in the breach of contract claim, the amount of attorney's fees and any potentially additional actual damages would exceed the threshold jurisdictional amount.

In addition, Defendant argues that Plaintiff's failure to allege that the amount in controversy is less than $75,000 gives rise to a presumption under Louisiana law that concurrent federal jurisdiction exists. However, any presumption under Louisiana law is irrelevant. The same forum selection clause on which the Louisiana court relied to transfer the case to this Court contains an equally clear choice-of-law provision, which provides that the parties' "Agreement shall be governed by and construed in accordance with the laws of the State of Ohio." (Doc. 4-1 at 3). Pursuant to that choice-of-law provision and the transfer of venue to this district, the undersigned concludes that Ohio law and/or Sixth Circuit law is controlling.

3

Ohio, like Louisiana, prohibits a party from specifying the amount in controversy in the complaint. However, unlike Louisiana, Ohio does not require a plaintiff to include any statements either affirming or disavowing the potential existence of federal jurisdiction. *See* Ohio Civ. R. 8(A) ("If the party seeks more than twenty five thousand dollars, the party shall so state in the pleadings but shall not specify in the demand for judgment the amount of recovery sought . . . ."). Thus, Ohio Civ. R. 8(A) both precludes a plaintiff from stating a definite amount in controversy and requires that amount to remain at least somewhat indeterminate.

The undersigned will assume based upon the amount specified in the complaint and Plaintiff's request for attorney's fees that Defendant removed the case to federal court in good faith. However, once Plaintiff filed its motion to remand, the amount in controversy was placed in dispute.

In determining whether the Defendant has carried its burden to prove that the amount in controversy satisfies the jurisdictional requirement, controlling case law requires the removal statute to be "strictly construed [with] all doubts resolved in favor of remand." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (internal quotation marks and additional citations omitted). In *Total Quality Logistics, LLC v. Littrell*, Case No. 1:19-cv-18; 2019 WL 1033636 (S.D. Ohio Mar 5, 2019), a case presided over by the same district judge assigned to the present case, the undersigned magistrate judge recently discussed Sixth Circuit case law on the issue of post-removal stipulations at some length. *Littrell* concluded that because the plaintiff had not articulated in the original state court complaint that the amount in controversy exceeded $75,000, a post-removal stipulation that "clarified" the amount was effective to defeat federal

jurisdiction. Since *LIttrell*, additional cases in this Court have reached the same conclusion on similar facts. *See, e.g., Total Quality Logistics, LLC v. Reed Transport Services, Inc.*, Case No. 1:19-cv-182, 2019 WL 6723837 (S.D. Ohio Dec. 11, 2019) (Black, J.); *Total Quality Logistics, LLC v. Johnson*, Case No. 19-cv-850, 2019 WL 5540682 (S.D. Ohio Oct. 28, 2019) (Black, J.); *Total Quality Logistics v. Grigoryan*, Case No. 1:18-cv-363 (S.D. Ohio Mar. 22, 2019) (Barrett, J.); *accord Total Quality Logistics, LLC v. Navajo Express, Inc.*, Case No. 1:18-cv-230, 2018 WL 2001434 (S.D. Ohio April 30, 2018) (Black, J., remanding case where plaintiff clarified in amended complaint that it was not seeking more than $75,000 in damages).

Remand is proper in this case for the reasons previously expressed in *Littrell*, as well as in *Reed Transport Services, Inc.*, *Johnson*, and *Grigoryan*. In reaching the same result in this case, the undersigned recognizes that the amount in controversy pleaded in the original petition/complaint comes relatively close to the $75,000 threshold, insofar as Plaintiff seeks $64,500, actual damages, plus attorney's fees. Nevertheless, whether any actual damages would exceed the sum of $64,500, as opposed to merely overlapping that sum, remains ambiguous.

The undersigned rejects Defendant's assertion that even a "modest" award of attorney's fees carries its burden to show a "facially apparent" claim that exceeds $75,000. The complaint does not specify the percentage of any contingency fee agreement or any other set amount of attorney's fees. Therefore, Plaintiff's affidavit capping the amount of any fee award and all other damages to less than the jurisdictional amount must be viewed as the first instance of clarification of damages. *See Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 232 (2007) ("a case can be properly

removed an yet suffer from a failing in subject-matter jurisdiction that requires remand."); *contrast Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (affirming denial of a motion to remand that was based upon a post-removal stipulation where the original state court complaint clearly sought $950,000 in damages).

The effect of post-removal proceedings is case-dependent, with courts frequently called to consider post-removal amendments, stipulations, or other evidence. Procedurally, where a plaintiff disputes a defendant's assertion of the amount in controversy and seeks remand, the parties should "submit proof" so that the trial court may decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). On the record presented, Plaintiff has submitted uncontroverted proof in the form of counsel's affidavit. Defendant, by contrast, has submitted no proof but only speculative argument as to the meaning of ambiguous claims for damages. *Accord, e.g., Baldori v. Delta Air Lines, Inc.*, 2011 WL 1212069 at **2-3 (W.D. Mich. Mar. 29, 2011).

In light of Plaintiff's clarification that it seeks damages that are less than $75,000, remand to state court is required. "A plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy for the first time…'" *Shupe v. Asplundh Tree Expert Co.,* 566 Fed. Appx. 476, 481 (6th Cir. 2014) (internal citation omitted); *see also Heartland of Portsmouth, OH, LLC v. McHugh Fuller Law Group, PLLC*, 2015 WL 728311 (S.D. Ohio Feb. 19, 2015) (Dlott, J., remanding based upon defendant's failure to prove amount in controversy exceeded threshold, despite requests for injunctive relief and attorney's fees, where amount in

controversy remained speculative); *Mid Western Auto Sales, Inc. v. Western Heritage Ins. Co.*, 2009 WL 1373035 (S.D. Ohio May 15, 2009) (Dlott, J., holding that defendant had not met preponderance burden because defendant provided no evidence to show that it was more likely than not that plaintiff would recover punitive damages).

Although the absence of a specific damage sum may not imbue every complaint with ambiguity when it comes to proving the existence of federal diversity jurisdiction, it did so in this case. The post-removal filing of the Plaintiff's stipulation resolves that ambiguity and confirms that the requisite amount-in-controversy has not been established. Last, while Plaintiff seeks an award of its costs and attorney's fees along with remand, the undersigned recommends denying that portion of Plaintiff's motion because it was not "objectively unreasonable" for the Defendant to remove this case based upon the information it had at the time of removal. *Accord, Johnson*, 2019 WL 5540682 at *3.

On the record presented, one final dilemma remains to be resolved: whether this Court can remand to the Louisiana state court in light of the prior decision of the Louisiana federal court to transfer this case to this district. The venue decision is the "law of the case" and correct insofar as venue lies in Ohio and not in Louisiana. However, because federal subject matter jurisdiction is lacking, the correct venue would appear to be in Ohio's state court rather than the Louisiana state court. This Court cannot "remand" to an Ohio state court in which the action was never pending. Yet in the absence of federal jurisdiction, a federal court retains the power only to dismiss or remand. Justice favors the latter course. Because the action was initiated by Plaintiff in the Louisiana state court,

the undersigned recommends granting the motion to remand to that court, which may then elect to transfer venue to the Ohio state court if deemed appropriate.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff NPC's motion to remand this case to state court for lack of federal jurisdiction (Doc. 6) should be **GRANTED** and that the case should be remanded to the Louisiana state court and terminated from the docket of this Court. However, Plaintiff's request for attorney's fees and costs should be **DENIED**.

/s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NATIONAL PENSION CORPORATION, LLC,

    Plaintiff,

    v.

HORTER INVESTMENT MANAGEMENT, LLC,

    Defendant.

Case No. 1:20-cv-0086

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).