IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PENSION CORPORATION, LLC, | : | Case No. 1:20-cv-86 |
| Plaintiff, | : : : | Judge Susan J. Dlott<br>Magistrate Judge Stephanie K. Bowman |
| v. | : : | |
| HORTER INVESTMENT MANAGEMENT, LLC, | : : : | **ORDER ADOPTING MODIFIED REPORT AND RECOMMENDATION** |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 14) regarding Plaintiff National Pension Corporation, LLC's ("NPC's") Motion to Remand this matter to the 19th Judicial District Court for the Parish of East Baton Rouge (Doc. 6) and Defendant Horter Investment Management, LLC's ("HIM's") Objection thereto (Doc. 16).

This case is in a unique procedural posture as Plaintiff's Motion to Remand was filed *prior* to this case being transferred from the United States District Court for the Middle District of Louisiana to the United States District Court for the Southern District of Ohio. Following transfer to this district, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Motion to Remand be granted due to lack of federal jurisdiction and that Plaintiff's request for attorney's fees and costs be denied. For the reasons that follow, Defendant's Objection will be **OVERRULED**, and the Magistrate Judge's Report and Recommendation will be **ADOPTED WITH MODIFICATION**.

1

When objections to a magistrate judge's report and recommendation are received on a dispositive matter,[1] the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issue for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

After finding this Court lacks jurisdiction to hear the case, the Magistrate Judge considered the question of whether to remand or dismiss this action. She stated:

> The venue decision is the 'law of the case' and correct insofar as venue lies in Ohio and not in Louisiana. However, because federal subject matter jurisdiction is lacking, the correct venue would appear to be in Ohio's state court rather than the Louisiana state court. This Court cannot 'remand' to an Ohio state court in which the action was never pending. Yet in the absence of federal jurisdiction, a federal court retains the power only to dismiss or remand. Justice favors the latter course. Because the action was initiated by Plaintiff in the Louisiana state court, the undersigned recommends granting the motion to remand to that court, which may then elect to transfer venue to the Ohio state court if deemed appropriate.

(Doc. 14 at PageID 102–03.) It is well-established law that the district court must remand the case only to the court from which it was removed and lacks authority to "transfer" a case by remanding it to a different jurisdiction. 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3739 (Rev. 4th ed. 2019). Thus, the Court is within its authority to remand to the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, as the state court from which this case was removed.

---

[1] "[R]emand motions are dispositive[.]" *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

Defendant objects to the Magistrate Judge's recommendation that this case be remanded to Louisiana state court:

> The Report and Recommendation recognizes that the law of the case holds that the correct venue of this matter is Ohio and not Louisiana. However, Louisiana state courts do not have authority to transfer cases across state lines to another state's courts. Therefore, as the Sixth Circuit has acknowledged, in cases where remand would be pointless—such as this case—the proper remedy is to dismiss.

(Doc. 16 at PageID 106.) Defendant argues that the Magistrate Judge's assertion that the Louisiana state court may transfer venue to an Ohio state court is erroneous. Defendant asserts that remand will only result in dispositive motion briefing on the same venue and forum selection clause issues that have already been determined in this case, which is an inefficient use of the parties' and court's resources and will result in further delays. Thus, justice does not favor remand; it favors dismissal. Plaintiff did not respond to Defendant's Objection.

This case was transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a), which does not condition transfer on the initial forum being "wrong." (*See* Doc. 8 at PageID 82 (relying upon *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59–60 (2013).) Although the district court transferred the case based on the existence of the forum selection clause, it did not assess the validity of the forum selection or rule that venue in Louisiana is improper. The district court did not hold that venue lies in Ohio and *not* Louisiana; rather, the district court judge was presented with evidence of a forum selection clause and, without objection to transfer, found Ohio to be *a* proper venue on that basis. Thus, the Court would modify the Magistrate Judge's characterization of the district court judge's ruling on this point.

Although the Defendant argues that remand is pointless, the Court disagrees. This case is distinguishable from *West v. U.S. Department of Veteran Affairs*,[2] upon which Defendant relies. 895 F.3d 432, 435 (6th Cir. 2018). There, the Court of Appeals found it was appropriate to dismiss rather than remand the case where the state court had no jurisdiction to revisit the Secretary of Veteran Affairs's determination as to entitlement of veteran's benefits, rendering remand "pointless." *Id.* By contrast, the district court did not find the state court would lack jurisdiction in this case.

Defendant also argues that Louisiana state court decisions support its position that remand is futile, because the Louisiana state court cannot transfer a case out of state as the Magistrate Judge suggested in her Report and Recommendation. *See La. Pigment Co., L.P. v. Air Liquide Am., L.P.*, 149 So. 3d 997, 1004 (La. Ct. App. 2014) (noting it was "impossible" to transfer the matter to a Texas court and therefore dismissing the lawsuit without prejudice to allow refiling in the proper jurisdiction); *Dillon v. Bankers Ins. Co.*, No. 2009CA1121, 2010 WL 502838, at *4 (La. Ct. App. Feb. 12, 2010) (noting that because transfer to Florida was impossible, the court's dismissal of the suit without prejudice was appropriate). Although it appears from the cases cited by Defendant that the Louisiana state court cannot transfer the action to a different state, the Court still finds remand to be more appropriate than dismissal. The Court prefers to keep the case pending with the procedural history intact for consideration by the state court. Furthermore, the Louisiana state court may choose to dismiss the case with or without prejudice if appropriate, so there is no harm to the parties in remanding over dismissing.

---

[2] Typically, remand orders are not appealable. *See* 28 U.S.C. § 1447(d). However, that same provision allows review of orders to remand in cases removed pursuant to § 1442, which was uniquely the case in *West*.

4

Although its reasoning differs from the Magistrate Judge, the Court finds the decision to remand to be appropriate and will **ADOPT** the Report and Recommendation with the modifications discussed herein.

**IT IS SO ORDERED.**

Dated: *March 30, 2020*

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court